UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x   Civil Action No. 1:15-cv-9071

SAMILOR ENTERPRISES, INC.
and BELLA BELKIN,

        Plaintiff,

                                      **VERIFIED COMPLAINT**

-against-

MAIRA KURMANGALIYEVA, (aka MAIRA
NAZARBAYEVA), and DANIYAR KESIKBAYEV
(aka DANIYAR NAZARBAYEV),

                                      JURY TRIAL DEMANDED

        Defendants.
---------------------------------------------------------------x

    Plaintiff, Samilor Enterprises, Inc, by and through its attorneys, Mark B. Stumer & Associates, P.C., by way of Verified Complaint against the Defendants, state as follows:

**PARTIES**

    1. Plaintiff, Samilor Enterprises, Inc., is a New York Corporation with its principal place of business at 111 Fulton Street, Suite 718, New York, New York 10038 (hereinafter referred to as "Samilor").

    2. Plaintiff, Bella Belkin, is the President of Samilor and currently resides in Syosset, New York (hereinafter referred to as "Bella"). Both Plaintiffs are collectively referred to as "Plaintiff" hereinafter unless specifically referred to individually.

    3. Defendant, Maira Kurmangaliyeva (aka Maira Nazarbayeva), is a citizen of Kazakhstan and, on information and belief, currently resides in Alpine, New Jersey (hereinafter referred to individually as "Maira").

1

4. Defendant, Daniyar Kesikbayev (aka Daniyar Nazarbayev), is a citizen of Kazakhstan and Malaysia and currently resides in Alpine, New Jersey (hereinafter referred to individually as "Daniyar"). Both Defendants are collectively referred to as "Defendants" hereinafter unless specifically referred to individually.

## JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction, as the parties are citizens of different states, and the amount in controversy exceeds the sum of $75,000.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District and Plaintiff's principal place of business is in this District.

## STATEMENT OF FACTS

7. Samilor is a New York Corporation engaged in the sale of various products including, but not limited to, Hermes brand bags.

8. The President of Samilor is Bella Belkin (hereinafter referred to as "Bella"). Bella's husband is Edward Belkin (hereinafter referred to as "Edward").

9. Prior to September 10, 2014, Maira ordered, received and paid in full for six (6) Hermes handbags from Samilor.

10. On September 15, 2014, Defendants ordered and received another two (2) Hermes handbags from Samilor. The total of this invoice is $293,287.50 (hereinafter referred to as the "September 15, 2014 Invoice"). The Defendants represented to Bella that they would pay the

2

September 15, 2014 Invoice within 6 months.

11. On January 20, 2015, Defendants ordered and received another five (5) Hermes handbags from Samilor. The total of this invoice is $108,625.00 hereinafter referred to as the "January 20, 2015 Invoice"). The Defendants represented to Bella that they would pay the January 20, 2015 Invoice within 6 months.

12. Throughout early and mid-2015, Maira repeatedly promised that she would pay the Invoices.

13. Having not received any payment for the Invoices, in or around June of 2015, Bella informed Maira that she would have to file legal action against her if she didn't pay her within the next month. . . and this is when things took a turn for the worse.

14. In response to Bella's demand for payment, commencing in or around June of 2015, Maira threatened to hurt Bella and her family if she filed a legal action against her.

15. Specifically, on or about June 16, 2015, during a telephone call between Maira and Bella, Maira yelled the following, "You know who my son is! He is son-in-law of the Prime Minister of Malaysia. Do you know what we can do to you and your family? I will hurt you. I will hurt you and your family if you sue me! You know what I can do to you and you know what I am capable of! You know what I did in Kazakhstan and I will do it here to you!"[1] This threat terrified Bella because at that time Bella recently learned what Maira was capable of and was already accused of doing in Kazakhstan.

16. By way of pertinent background, upon information and belief, Maira is currently or

---

[1] This quote is the English translation of what Maira said to Bella in Russian.

was an international fugitive wanted by the Kazakhstan police and INTERPOL for various crimes, including kidnapping, use of threats of physical harm to extract funds from business associates, and using threats to force another person to transfer real property to the name of a family associate. Maira is the ex-wife of Bolat Nazarbayev, who is the brother of the President of Kazakhstan (Nursultan Nazabayev). Numerous articles written about Maira reveal that she has ability and propensity to carry out her threats of physical harm against Bella and her family.[2] Defendant Daniyar is Maira's son and is currently married to the Malaysian Prime Minister's daughter.

17. In September of 2015 in an effort to diffuse the situation, Edward called and spoke to Maira – she was calm and cordial during that telephone call – so he set up a meeting with her and Daniyar to occur on September 30, 2015 at their home in Alpine, New Jersey.

18. On September 30, 2015, Edward met with Maira and Daniyar in an attempt to try to come to an amicable resolution regarding the balance owed to Samilor. During their meeting Edward asked Maira if she was able to pay the outstanding balance and Maira immediately

---

[2] See, for example, "Woman allegedly swipes ex-husband's $20 million Plaza apartment, spends $75 million on jewelry," Daily News, August 23, 2013: "Nazarbayeva's former assistant claims she's a big-time crook with ties to organized crime — and a reputation for making her enemies go "missing." One, according to a news article from their native Kazakhstan, was a woman Nazarbayeva considered a romantic rival, who disappeared without a trace. She was found two weeks later, and said only that she had gotten "lost in the mountains," the report said. Another foe, Edgar Salduzi, was allegedly held captive for 45 days before he escaped, the former assistant, Saule Arykbayeva, testified in a deposition for the case in July. Arykbayeva said she had heard an audiotape of her boss ordering her underlings to "kidnap him and get rid of him." "Knowing what kind of person she is, I'm not only fearful for my life but fearful for the lives of my children," she testified.

threatened, "I'm not paying you anything. You know what I can do. You know what I did in Kazakhstan. I will hurt you and your family!"

19. On or about October 27, 2015, Maira found out that Bella intended to sue her and sent a series of text messages to Edward's mobile phone. Some were just insulting, others were downright threatening. For example, one of the text messages said, "You don't bother me and I won't bother you, now I am quiet, but if you will not calm down, don't expect mercy from me, it will cost you a lot." For the purposes of clarity, "It will cost you a lot" is a Russian expression that is a threat of physical harm and death. It does not pertain to a monetary or financial cost like it does in English (Maira's threats as stated in this paragraph 19 along with her threats stated in Paragraph 15 and 18, are collectively referred to herein as "Maira's Threats").

20. To date, despite receiving the orders in full, Maira has not paid any part of the September 15, 2014 Invoice or the January 20, 2015 Invoice.

21. As a result of Maira's repeated threats to both Bella and Edward Belkin, the Belkin's feared for their safety and for the safety of their children. As such, they filed criminal complaints against Maira at their local police precinct in Nassau County, New York, the FBI, and have had meetings with the Nassau County Assistant District Attorney who is presently pursuing the matter criminally.

22. Also as a result of Maira's threats, Bella has suffered from severe emotional distress.

## AND AS FOR THE FIRST CAUSE OF ACTION

## FOR BREACH OF CONTRACT

### (Against all Defendants)

23. The Plaintiff repeats and realleges the allegations contained in paragraphs 1-22 of this Verified Complaint as if fully set forth herein.

24. The parties entered into two valid and binding agreements as detailed above referred to as the September 15, 2014 Invoice and the January 20, 2015 Invoice (herein referred to as "the Agreements").

25. Plaintiff has fully complied with all of the terms and conditions contained in The Agreements. Specifically, Defendants did in fact receive all of the items listed in the September 15, 2014 Invoice and the January 20, 2015 Invoice.

26. Despite the fact that Plaintiff complied with the terms and conditions of The Agreements, Defendant still has not paid the September 15, 2014 Invoice or the January 20, 2015 Invoice.

27. The foregoing actions on the part of the Defendant constitute a material breach of The Agreements.

28. As a result of the foregoing, the Plaintiff suffered significant damages in an exact amount to be determined at trial but in no event less than Four Hundred One Thousand Nine Hundred Twelve Dollars and Fifty Cents ($401,912.50).

## AND AS FOR THE SECOND CAUSE OF ACTION

## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Maira)

29. The Plaintiff repeats and realleges the allegations contained in paragraphs 1-28 of this Verified Complaint as if fully set forth herein.

30. Maira's Threats made to both Bella and Edward Belkin were extreme and outrageous.

31. Maira's Threats were intended to cause severe emotional distress.

32. Maira disregarded a substantial probability that Maira's Threats would cause severe emotional distress.

33. Maira's Threats did in fact directly cause Bella Belkin to suffer severe emotional distress.

34. As a direct result of Maira's Threats, Bella Belkin has been damaged in an exact amount to be determined at trial but in no event less than $500,000.00 plus interest thereon.

## AND AS FOR THE THIRD CAUSE OF ACTION

## FOR ACCOUNT STATED

### (Against all Defendants)

35. The Plaintiff repeats and realleges the allegations contained in paragraphs 1-34 of this Verified Complaint as if fully set forth herein.

36. Plaintiff rendered to Defendant the September 15, 2014 Invoice or the January 20, 2015 Invoice respectively on September 15, 2014 and January 20, 2015.

37. The September 15, 2014 Invoice and the January 20, 2015 Invoice was accepted by the Defendants without objection.

38. The September 15, 2014 Invoice and the January 20, 2015 Invoice was presented to the Defendants on multiple occasions subsequent to the respective invoice dates and on each occasion the Defendant accepted the invoices without objection.

39. The foregoing resulted in an account stated in the sum of Four Hundred One Thousand Nine Hundred Twelve Dollars and Fifty Cents ($401,912.50).

### AND AS FOR THE FOURTH CAUSE OF ACTION
### FOR UNJUST ENRICHMENT
#### (Against all Defendants)

40. The Plaintiff repeats and realleges the allegations contained in paragraphs 1-39 of this Verified Complaint as if fully set forth herein.

41. Upon information and belief, Defendants used the goods listed in the Agreements for their own personal purposes. Specifically, they kept some of the goods for their personal use and gave others away as gifts during Daniyar's wedding.

42. Said use of goods by the Defendants without paying the Plaintiff for said goods resulted in Defendants becoming unjustly enriched at the expense of the Plaintiff.

43. As a result of the foregoing, the Plaintiff suffered significant damages in an exact amount to be determined at trial but in no event less than Four Hundred One Thousand Nine Hundred Twelve Dollars and Fifty Cents ($401,912.50).

### DAMAGES

WHEREFORE, the Plaintiff demands a judgment against the Defendants for the following

relief:

1. For the First Cause of Action, damages in an exact amount to be determined at trial but in no event less than Four Hundred One Thousand Nine Hundred Twelve Dollars and Fifty Cents ($401,912.50).

2. For the Second Cause of Action, damages in an exact amount to be determined at trial but in no event less than Five Hundred Thousand ($500,000.00) Dollars.

3. For the Third Cause of Action, damages in an exact amount to be determined at trial but in no event less than Four Hundred One Thousand Nine Hundred Twelve Dollars and Fifty Cents ($401,912.50).

4. For the Fourth Cause of Action, damages in an exact amount to be determined at trial but in no event less than Four Hundred One Thousand Nine Hundred Twelve Dollars and Fifty Cents ($401,912.50).

5. Any other and further relief as the Court deems just and proper.

Dated: New York, New York
November 16, 2015

*[signature]*

MARK B. STUMER, ESQ. (MS6027)
Attorney for the Plaintiffs
Mark B. Stumer & Associates, P.C.
306 Fifth Avenue, Penthouse
New York, New York 10001
212-633-2225 (phone)
212-691-3642 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x   Civil Action No. <u>1:15cv9071</u>

SAMILOR ENTERPRISES, INC.
and BELLA BELKIN,

                Plaintiff,

    -against-   **VERIFICATION**

MAIRA KURMANGALIYEVA, (aka MAIRA
NAZARBAYEVA), and DANIYAR KESIKBAYEV
(aka DANIYAR NAZARBAYEV),

            Defendants.
----------------------------------------------------------------x

STATE OF NEW YORK    )
                               ) ss.:
COUNTY OF NEW YORK )

BELLA BELKIN, being duly sworn, deposes and says:

That she is the individual Plaintiff named in the above entitled action and the President of Plaintiff Samilor Enterprises, Inc.; that she has read the Verified Complaint annexed hereto and knows the contents thereof; that the same is true to her knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters she believes them to be true.

_____
BELLA BELKIN

Sworn to before me this 16th day
of November, 2015

_____
NOTARY PUBLIC
MARK B. STUMER
Notary Public, State of New York
No. 02ST5044470
Qualified in New York County
Commission Expires May 30, 20 19

10

Civil Action No. 1:15-cv-9071

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMILOR ENTERPRISES, INC.
and BELLA BELKIN,

                                      Plaintiff,

-against-

MAIRA KURMANGALIYEVA, (aka MAIRA
NAZARBAYEVA), and DANIYAR KESIKBAYEV
(aka DANIYAR NAZARBAYEV),

                                     Defendants.

## VERIFIED COMPLAINT

Mark B. Stumer, Esq. (MBS60237)
Mark B. Stumer & Associates, P.C.
306 Fifth Avenue, Penthouse
New York, New York 10001
(212) 633-2225
*Attorney for All Plaintiffs*